# NO. 12-22-00039-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOE MARLIN GILMER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

On February 28, 2022, Joe Marlin Gilmer, acting pro se, filed a notice of appeal from an order of October 5, 2021, in which the trial court denied his motion to rescind withdrawal order. He also moved for an extension of time to file the notice of appeal on grounds that he did not receive actual knowledge of the ruling until February 22, 2022. He argues that "trial officials intentionally, knowingly and deliberately delayed notice and disposition of the case regarding the denial of the Appellant's Motion to Rescind Withdraw Order as a measure to prevent and impede the Appellant's rights of appeal from the decision of the trial court to deny the Appellant's Motion to Rescind Withdrawal Order."

On March 17, the Clerk of this Court notified Gilmer that the information received in the appeal does not show the jurisdiction of this Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for extension of time to file same. The notice warned that the appeal would be dismissed unless Gilmer amended the notice of appeal on or before March 28 to show this Court's jurisdiction. In response, Gilmer argues, "due to the negligence of the District Clerk in not notifying me of the court's Order in accordance with Rule 306a of the Texas Rules of Civil Procedure, I was served a death sanction for the purpose of filing a motion for new trial and appeal in this case." He asserts that his "only

avenue" is a petition for bill of review and states "under the rules it appears that the Court does not have jurisdiction in this case."

Accordingly, it appears that Gilmer concedes we are without jurisdiction over this appeal. Nevertheless, we further note that we lack jurisdiction even under Rule 306a. If within twenty days after a judgment or other appealable order is signed, an adversely affected party or his attorney has neither received the notice required by Rule 306a(3) nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in Rule 306a(1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed. TEX. R. CIV. P. 306a(4). To establish the application of Rule 306a(4), the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. TEX. R. CIV. P. 306a(5). Compliance with Rule 306a(5)'s requirements is jurisdictional. *Carney v. Holder*, No. 12-13-00024-CV, 2014 WL 3939915, at \*2 (Tex. App.—Tyler Aug. 13, 2014, no pet.) (mem. op.).

On February 28, Gilmer filed a "no notice of appealable order" with the trial court. The motion is not sworn. Moreover, there is no order from the trial court establishing the date Gilmer received notice or acquired actual knowledge of the order. *See* TEX. R. CIV. P. 4.2(c) (after hearing motion, trial court must sign written order finding date when party or party's attorney first received or acquired actual knowledge that judgment or order was signed). Therefore, Gilmer has not shown the jurisdiction of this Court.[1] *See Weir Bros. Contracting, LLC v. Velvin Oil Co. LLC*, No. 12-21-00030-CV, 2021 WL 1306702 at \*2 (Tex. App.—Tyler Apr. 7, 2021, no pet.) (mem. op.) (per curiam) (dismissing Weir's appeal because Weir failed to provide an order from the trial court establishing date Weir received notice or acquired actual knowledge of appealable order); *see also Enriquez v. Livingston*, No. 12-15-00225-CV, 2016 WL 234984 (Tex. App.—Tyler Jan. 20, 2016, no pet.) (mem. op.) (per curiam) (dismissing appeal for want of jurisdiction where appellant failed to provide order establishing date he

---

[1] Even a pro se litigant is held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at \*2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

received notice or acquired actual knowledge of judgment).  Accordingly, the appeal is ***dismissed for want of jurisdiction***.  All pending motions are ***overruled as moot***.

Opinion delivered April 6, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 6, 2022**

**NO. 12-22-00039-CV**

**JOE MARLIN GILMER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. CR-15-00226)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*